IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY RAY O'NEAL,<br><br>    Plaintiff,<br><br>  v.<br><br>COUNTY OF SAN FRANCISCO, et al.,<br><br>    Defendants. | No. C 09-5315 LHK (PR)<br><br>ORDER TO SHOW CAUSE<br>REGARDING EXHAUSTION |

Plaintiff, proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that while he was in the custody of the San Francisco County Jail ("SFCJ"), Defendants Deputy Camarra and Deputy Reymundo conducted an invasive body cavity search, during which Camarra and Reymundo proceeded to attack him using excessive force.[1]  For the reasons explained below, the Court issues an order to Plaintiff to show cause why the case should not be dismissed for failure to exhaust his administrative remedies prior to filing this action.

**DISCUSSION**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28

---

[1] On October 9, 2008, Plaintiff filed a 42 U.S.C. § 1983 case alleging the same civil rights violations in Case Number 08-CV-4669 SBA.  On July 13, 2009, the Court dismissed the action without prejudice under Northern District Local Rule 3-11.

Order to Show Cause Regarding Exhaustion
P:\PRO-SE\SJ.LHK\CR.09\O'Neal315oscexh.wpd

1  U.S.C. § 1915A(a).  In its review, the Court must identify any cognizable claims and dismiss any
2  claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or
3  seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C.
4  § 1915A(b)(1),(2). Pro se pleadings, however, must be liberally construed.  *Balistreri v. Pacifica*
5  *Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

6      The Prison Litigation Reform Act of 1995, Pub.L. No. 104-134, 110 Stat. 1321 (1996)
7  ("PLRA") provides: "No action shall be brought with respect to prison conditions under [42
8  U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other
9  correctional facility until such administrative remedies as are available are exhausted."  42
10 U.S.C. § 1997e(a).  Exhaustion is mandatory and not left to the discretion of the district court.
11 *Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  Exhaustion is a prerequisite to all prisoner lawsuits
12 concerning prison life, whether such actions involve general conditions or particular episodes,
13 whether they allege excessive force or some other wrong, and even if they seek relief not
14 available in grievance proceedings, such as money damages.  *Porter v. Nussle*, 534 U.S. 516,
15 524 (2002).  The exhaustion requirement requires "proper exhaustion" of all available
16 administrative remedies.  *Ngo*, 548 U.S. at 93.

17     Because exhaustion under Section 1997e(a) is an affirmative defense, a complaint may be
18 dismissed for failure to exhaust only if failure to exhaust is obvious from the face of the
19 complaint and/or any attached exhibits.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir.
20 2003). The Court may dismiss a complaint for failure to exhaust where the prisoner "conce[des]
21 to nonexhaustion" and "no exception to exhaustion applies." *Id.* at 1120.  Here, it is obvious
22 from the face of the complaint that Plaintiff did not exhaust his administrative remedies and no
23 exception to exhaustion is alleged or apparent in the complaint.

24     In Plaintiff's complaint, he concedes that he did not present his claims for review through
25 the SFCJ's grievance procedure.  Rather, he claims that he filed an informal appeal at the Office
26 of Citizens Complaint at San Francisco City Hall because, "This is a county issue."  (Complaint
27 at 2.)  However, Section 1073 of Title 15 of the California Code of Regulations provides county
28 jail inmates with a right to "appeal and have resolved grievances" relating to their confinement.

Order to Show Cause Regarding Exhaustion
P:\PRO-SE\SJ.LHK\CR.09\O'Neal315oscexh.wpd     2

1    Accordingly, the Court issues an order to Plaintiff to show cause as to why this case
2 should not be dismissed for failure to exhaust his administrative remedies prior to filing this
3 action. Plaintiff shall file a response to the order to show cause **within thirty days** from the date
4 this order is filed. The Court notes if Plaintiff has not fully exhausted his administrative
5 remedies prior to filing this action, the complaint will be dismissed without prejudice.

## CONCLUSION

7    Plaintiff is ordered to show cause why this case should not be dismissed for failure to
8 exhaust his administrative remedies prior to filing this action. Plaintiff shall file a written
9 response to the order to show cause **within thirty days** of the date this order is filed. **Failure to**
10 **comply with this order within the deadline provided will result in the dismissal of this**
11 **action pursuant to Federal Rule of Civil Procedure 41(b).**
12    It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
13 court informed of any change of address by filing a separate paper with the clerk headed "Notice
14 of Change of Address." He must comply with the Court's orders in a timely fashion or ask for
15 an extension of time to do so.
16    IT IS SO ORDERED.
17 DATED:    8/11/10

_____
LUCY H. KOH
United States District Judge