IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BILLY RAY O'NEAL, | ) | No. C 09-5315 LHK (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL |
| v. | ) ) | |
| COUNTY OF SAN FRANCISCO, et al., | ) ) | |
| Defendants. | ) ) | |

Plaintiff, a California prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that while he was in the custody of the San Francisco County Jail ("SFCJ"), Defendants Deputy Camarra and Deputy Reymundo conducted an invasive body cavity search, during which Camarra and Reymundo proceeded to attack him using excessive force.  On August 12, 2010, the Court reviewed Plaintiff's complaint and ordered him to show cause why this action should not be dismissed without prejudice for failure to exhaust administrative remedies.  On August 24, 2010, Plaintiff filed a response to the order to show cause.  As Plaintiff has not shown that he exhausted his administrative remedies prior to filing suit, this action is dismissed without prejudice.

**DISCUSSION**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.09\O'Neal315disexh.wpd

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is mandatory and no longer left to the discretion of the district court.  *Woodford v. Ngo*, 126 S. Ct. 2378, 2382 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001)).  The PLRA exhaustion requirement requires "proper exhaustion" of available administrative remedies.  *Woodford*, 126 S. Ct. at 2387.  The plain language of the PLRA requires that prior to filing suit, all "administrative remedies available [must be] exhausted." 42 U.S.C. § 1997e(a).  The Ninth Circuit has interpreted 1997e(a) to mean that an action *must* be dismissed unless the prisoner exhausted his available administrative remedies *before* he or she filed suit, even if the prisoner fully exhausts while the suit is pending.  *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

In his original complaint, Plaintiff conceded that he did not present his claims for review through the SFCJ's grievance procedure.  In his August 24, 2010 response to the order to show cause, Plaintiff states that he filed a "Citizens Complaint" and civil rights complaint in 2007.  He states that he believed these filings were sufficient to exhaust his administrative remedies.  Unfortunately for Plaintiff, he has not satisfied the exhaustion requirement under *McKinney*.  Plaintiff's complaint indicates that he had not exhausted his claims prior to filing this action, and his response to the order to show cause does not excuse his failure to exhaust.  Thus, the complaint will be dismissed without prejudice.

### CONCLUSION

The instant action is DISMISSED without prejudice to filing a new complaint in a new case containing claims that have been exhausted through California's prison administrative process.

The Clerk shall enter judgment, terminate any pending motions and close the file.

IT IS SO ORDERED.

DATED:   9/3/2010

_____
LUCY H. KOH
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.LHK\CR.09\O'Neal315disexh.wpd        2